# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50401 | **DATE** | 3/30/2001 |
| **CASE TITLE** | Sharp vs. Daimler Chrysler Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] DaimlerChrysler's motion to dismiss pursuant to Rule 12(b)(6) or motion for summary judgment pursuant to Rule 56 is taken as a motion for summary judgment and is granted. Its motion to transfer venue is denied as moot. Sharp's action is dismissed as to the Union pursuant to Rule 4(m). This cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DIANE SHARP,                        )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )   No. 99 C 50401
DAIMLER CHRYSLER CORPORATION        )
and UNITED AUTO WORKERS UNION       )
LOCAL #1268,                        )
                                    )
        Defendants.                 )

## MEMORANDUM OPINION AND ORDER

### Introduction

On May 18, 1999, plaintiff Diane Sharp filed a complaint against DaimlerChrysler Corporation ("DaimlerChrysler") and the United Auto Workers Union, Local 1268 ("the Union"),[1] and filed a two-count amended complaint on June 19, 2000. In Count I of her amended complaint, Sharp alleges she was subjected to race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and

---

[1] It is undisputed Sharp never served the Union with notice of this action. (LR56.1(a) ¶ 3) Therefore, pursuant to Fed.R.Civ.P. 4(m), the lawsuit is dismissed without prejudice as to the Union.

1

42 U.S.C. § 1981.[2] In Count II, she alleges DaimlerChrysler retaliated against her, also in violation of Title VII.

Currently pending is DaimlerChrysler's combined motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), motion for summary judgment pursuant to Rule 56, or motion to transfer venue pursuant to 28 U.S.C. § 1404(a). The court has jurisdiction over Sharp's complaint pursuant to 28 U.S.C. §§ 1331, 1343. Because DaimlerChrysler is amenable to service in Illinois and Sharp currently resides in Rockford, Illinois, venue is proper in this district and division under 28 U.S.C. § 1391. (LR56.1(a) ¶ 6)

### Facts

DaimlerChrysler hired Sharp (African-American) as a full-time entry level production operator at its plant located in Belvidere, Illinois, on October 24, 1994 ("the Belvidere plant"). (Id. ¶ 7) Effective April 1, 1997, Sharp was granted a hardship transfer to one of DaimlerChrysler's parts distribution centers, located in Dallas, Texas. (Id. ¶ 8) In late June or early July of 1997, Sharp submitted a handwritten request to the Union in Dallas for a hardship transfer back to the Belvidere plant because she was having child custody problems. (Pl. Exh. A, Sharp Aff., ¶¶ 3-4) As of October 1997, Sharp had not heard from

---

[2] Sharp also refers to 42 U.S.C. § 1983. As Daimler-Chrysler notes in its LR56.1(a) statement, Sharp's reference to § 1983 must have been made in error because there are no facts pled in support of such a claim. Judgment is entered in Daimler-Chrysler's favor with respect to any § 1983 claim.

2

DaimlerChrysler regarding her hardship transfer. (Id. ¶¶ 6-9) On October 10, 1997, Sharp failed to report to work at the parts distribution center in Dallas and did not return to work after that date. (LR56.1(a) ¶ 10) On October 17, 1997, DaimlerChrysler sent her a letter at her last known address, notifying her that if she failed to appear for work and explain her absence she would be subject to disciplinary action. (Id. ¶ 11) On October 21, 1997, Sharp left Texas and returned to Illinois. (Pl. Exh. A, Sharp Aff., ¶ 9) On October 25, 1997, still not having heard from Sharp, DaimlerChrylser sent her a letter at her last known address, notifying her that her seniority (employment) with DaimlerChrysler was terminated effective October 24, 1997. (LR56.1(a) ¶ 12) On or about January 28, 2000, Sharp filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against DaimlerChrysler and the Union. (Compl. ¶ 7)

## Analysis

Although DaimlerChrysler titles its motion a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment, materials were attached to its motion. Therefore, under Rule 12(b), the court will treat its motion as one for summary judgment, filed pursuant to Rule 56.

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file,

3

together with any affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The question to be determined is whether, if the record of the summary judgment proceeding were the record at trial, a reasonable fact finder could find in favor of the nonmoving party. Tobey v. Extel/JWP, Inc., 985 F.2d 330, 332 (7th Cir. 1993). The record is to be examined in the light most favorable to Sharp, but conclusory allegations will not suffice. Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). Intent and credibility are crucial issues in employment discrimination cases and, therefore, the summary judgment standard is applied with added rigor in such cases, but summary judgment will not be defeated just because motive or intent are involved. Id. (citations omitted).

**A.  Sharp's Title VII and Retaliation Claims**

In Illinois, a charging party must file a discrimination charge within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely. 42 U.S.C. § 2000e-5(e)(1); Filipovic v. K & R Express Sys., Inc., 176 F.3d 390, 396 (7th Cir. 1999). In her charges filed with the EEOC, Sharp claimed the denial of the transfer at issue occurred in 1999. However, it is clear from DaimlerChrysler's LR56.1(a) statement of facts, Sharp's admissions thereto, and her own affidavit (Pl.

Exh. A), that the denial of the transfer at issue here occurred in 1997, which is long before she filed her EEOC charges. Thus, Sharp's Title VII and retaliation claims are time-barred.

**B.     Section 1981**

A two-year statute of limitations applies to Sharp's § 1981 claim, calculated from the date she initially filed her complaint. Goodman v. Lukens Steel Co., 482 U.S. 656 (1987); Vore v. Indiana Bell Tel. Co., 32 F.3d 1161, 1163 (7th Cir. 1994). Sharp filed her complaint on May 18, 1999; therefore, her § 1981 claim is timely.

In examining Sharp's § 1981 claim, the court employs the same framework used to analyze Title VII claims. Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999), cert. denied, 120 S. Ct. 2197 (2000). As Sharp has not produced direct evidence of discrimination, the court will analyze her claim under the indirect method, using the familiar, burden-shifting McDonnell Douglas approach. Id. To establish a prima facie case of race discrimination, Sharp must present evidence that: (1) she was a member of a protected class; (2) she was meeting DaimlerChrysler's legitimate performance expectations; (3) she suffered an adverse employment action; and, (4) DaimlerChrysler treated similarly situated persons outside the protected class more favorably. Id.

Contrary to her assertions, Sharp has failed to establish the fourth element of a prima facie case. Sharp claims Caucasian employees with less seniority than her were transferred into the trim department of the Belvidere plant during the time period in which she requested a transfer back to that plant. (LR56.1(a) ¶ 15, Pl. Resp.; Pl. Exh. C) Yet, she has failed to supply any foundation regarding the document upon which she relies in asserting such a fact. The exhibit upon which she relies is a chart with a column marked "Corp.-Serv." and Sharp has provided no evidence to explain what this means. Such evidence is woefully lacking and does not support her claim that similarly situated, non-protected employees were treated more favorably than her.

Even if the court were to proceed directly to the pretext stage of the McDonnell Douglas analysis, see Essex v. United Parcel Serv., Inc., 111 F.3d 1304, 1309 (7th Cir. 1997) (permissible to advance to dispositive issue of pretext without deciding whether plaintiff established prima facie case), Sharp has failed to produce evidence from which a reasonable person could conclude that DaimlerChrysler's articulated reason is pretextual. A plaintiff can prove pretext by presenting evidence from which a reasonable factfinder could conclude the employer's proffered reason is unworthy of credence, raising the inference that the real reason is discriminatory. Id. at 1310. The

question is whether the employer honestly believed its proffered reason for discharge. Id. That the employer may have been mistaken or stupid goes nowhere as evidence that the proffered reason is pretextual. Id.

Here, DaimlerChrysler states Sharp's request for a hardship transfer in July 1997 was never granted or denied. (LR56.1(a) ¶ 14) According to DaimlerChrysler, she was told the Belvidere plant was in layoff status in or around July and August 1997, and there were over one hundred DaimlerChrysler employees on layoff who were senior to her and would have to be called back before she could be offered a transfer there. (Id.)

Sharp attempts to contest this point by relying on a purported statement from a Union committeeman, Dennis Logan. According to Sharp, Logan had stated management at the Belvidere plant had approved her transfer request prior to her discharge. (LR56.1(a) ¶ 14, Pl. Resp.) Aside from the fact that Sharp's response contains many facts not properly supported by the record, and aside from the fact that Logan's statements are hearsay, the document upon which Sharp relies is completely lacking any foundation. (Pl. Exh. B) The document does not qualify, on its face, as a business record. Even if the court were to consider this document as adequate, it *supports* DaimlerChrysler's articulated reason. The document appears to be a response from Logan to Sharp's mother (who apparently works at

7

the Belvidere plant) regarding Sharp's requested transfer. The note states:

> Her other question was in regard to her daughters' [sic] request to return to Belvidere Assy Plant from Dallas Parts - Diane Sharp's request to return to BAP per my conversation with Larry Reilly on 10-10-97 has been okayed by Belvidere Assy. Mgmt, it has also been okayed by Larry Reilly, it also has been okayed by Dallas Parts, as well as Jerry Quinn from the International Union **when Belvidere hires more people however currently Belvidere is laying off people so they can't transfer her back until Belvidere is in a hiring mode- Larry Reilly said that he has already informed Tinnie of this information as well as Diane and James Sharp.**

(Pl. Exh. B) (emphasis added) Thus, it is clear from this note that management's blessing of Sharp's transfer request was contingent on the Belvidere plant being in a hiring mode. This is consistent with DaimlerChrysler's articulated reason for why Sharp was not instantly granted her transfer request back to the Belvidere plant. Judgment is entered in DaimlerChrysler's favor with respect to Sharp's § 1981 claim.

Because the court finds Sharp has failed to sustain her burden of proof regarding her § 1981 claim, DaimlerChrysler's motion to transfer venue is denied as moot.

### Conclusion

DaimlerChrysler's motion to dismiss pursuant to Rule 12(b)(6) or motion for summary judgment pursuant to Rule 56 is taken as a motion for summary judgment and is granted. Its motion to transfer venue is denied as moot. Sharp's action is

8

dismissed as to the Union pursuant to Rule 4(m). This cause is hereby dismissed in its entirety.

*[signature]*
PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 30, 2001

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

**DOCKETED**

**MAR 3 0 2001**

Diane Sharp

v.

Daimler Chrysler Corporation, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 99 C 50401

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Daimler Chrysler's motion to dismiss pursuant to Rule 12(b)(6) or motion for summary judgment pursuant to Rule 56 is taken as a motion for summary judgment and is granted. Its motion to transfer venue is denied as moot. Sharp's action is dismissed as to the Union pursuant to Rule 4(m). This cause is hereby dismissed in its entirety.

FILED-WD
2001 MAR 30 PM 12:42
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 3/30/2001

*Susan Wessman*
Susan Wessman, Deputy Clerk